# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL WITHERSPOON, ) | |
| ) | |
| Plaintiff, ) | Case No. 06 CV 07089 |
| ) | |
| v. ) | Judge Ronald Guzman |
| ) | |
| CITY OF WAUKEGAN, ) | Magistrate Judge Geraldine Soat Brown |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S RETALIATION CLAIM

Defendant City of Waukegan ("Defendant" or "City"), by its counsel, Seyfarth Shaw, LLP, and pursuant to Rule 50 of the Federal Rules of Civil Procedure ("FRCP"), hereby respectfully moves the Court to enter judgment as a matter of law in its favor because Plaintiff Michael Witherspoon ("Plaintiff") has not presented a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on his retaliation claim. In support of its Motion, Defendant states as follows:

1.  Plaintiff claims he was discriminated against on the basis of his race and then subsequently retaliated against in violation of Title VII of the Civil Rights Act of 1964. Specifically, Plaintiff claims that Defendant sent him home on August 17, 2005, assigned Plaintiff to menial tasks, gave him inadequate time to secure a commercial driver's license, made Plaintiff wear a uniform, denied Plaintiff's training requests, and revoked his computer access – all in retaliation for having previously complained of alleged race discrimination.

2.  Where, as here, Plaintiff has been fully heard on an issue during a jury trial and there is no legally sufficient evidentiary basis for a reasonably jury to find for Plaintiff on that

issue, the Court may determine the issue against Plaintiff and grant a motion for judgment as a matter of law in favor of the City. *See* Fed. R. Civ. P. 50(a).

3. Plaintiff has the initial burden to establish a *prima facie* case of retaliation by showing that he: (1) engaged in statutorily protected activity; (2) performed his job according to the City's legitimate expectations; (3) despite meeting the City's legitimate expectations, suffered a materially adverse employment action; and (4) was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002). If Plaintiff succeeds in proving a *prima facie* case, he then has the burden of presenting sufficient evidence to show that Defendant's legitimate, non-retaliatory reasons for its conduct is a pretext for retaliation. *Id*.

4. Defendant is entitled to judgment as a matter of law on Plaintiff's retaliation claim because the evidence shows that: (i) Plaintiff's performance as a Maintenance Worker I was deficient; (ii) none of the acts upon which Plaintiff rests his retaliation claim rise to the level necessary to establish a materially adverse action; and (iii) Plaintiff failed to identify a single similarly situated employee who received preferential treatment.

5. Moreover, Plaintiff has not established a causal connection between the incidents he identified and filing either his grievance or his charge of discrimination. *Burks v. Wis. Dept. of Trans.*, 464 F.3d 744, 754-755 (7th Cir. 2006); *Hickey v. The Invisible Fence Co. of Northeast Ohio, Inc.*, Case No. 05 C 6427, 2007 WL 2903183, at *9 (N.D. Ill. Sept. 28, 2007).

12449682v.3

WHEREFORE, Defendant City of Waukegan respectfully requests that the Court grant its motion for judgment as a matter of law and enter judgment in Defendant's favor on Plaintiff's retaliation claim.

**DATED:  June 24, 2010**                    Respectfully submitted,

CITY OF WAUKEGAN

By: /s/ Karen L. Stephenson
          One of Its Attorneys

Yvette A. Heintzelman
Nicole K. Peracke
Karen L. Stephenson
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

## CERTIFICATE OF SERVICE

      I, Karen L. Stephenson, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S RETALIATION CLAIM** to be served upon the following, by electronic means through the CM/ECF system on this 24th day of June, 2010:

      Roma Stewart
      Stephen Stern
      39 South LaSalle Street, Suite 1425
      Chicago, Illinois 60603


                    /s/ Karen L. Stephenson
                          Karen L. Stephenson