# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL WITHERSPOON, ) | |
| ) | |
| Plaintiff, ) | Case No. 06 CV 07089 |
| ) | |
| v. ) | Judge Ronald Guzman |
| ) | |
| CITY OF WAUKEGAN, ) | Magistrate Judge Geraldine Soat Brown |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON
## PLAINTIFF'S RETALIATION CLAIM

Defendant City of Waukegan ("Defendant" or "City"), by its counsel, Seyfarth Shaw, LLP, and pursuant to Rule 50 of the Federal Rules of Civil Procedure, hereby respectfully submits its Memorandum of Law in Support of Its Motion for Judgment as a Matter of Law on Plaintiff Michael Witherspoon's ("Plaintiff") retaliation claim.

## INTRODUCTION

Plaintiff claims that Defendant discriminated against him on the basis of race and then subsequently retaliated against him in violation of Title VII of the Civil Rights Act of 1964. Specifically, Plaintiff claims that Defendant sent him home on August 17, 2005, assigned Plaintiff to menial tasks, gave him inadequate time to secure a commercial driver's license, made Plaintiff wear a uniform, denied Plaintiff's training requests, and revoked his computer access – all in retaliation for having previously complained of alleged race discrimination.

In fact, the evidence shows that Plaintiff's performance as a Maintenance Worker I was deficient, none of the acts upon which Plaintiff rests his retaliation claim rise to the level necessary to establish a materially adverse action, and Plaintiff failed to identify a single

12450400v.2

similarly situated employee who received preferential treatment. As a result, Plaintiff failed to establish his *prima facie* case and Defendant is entitled to judgment as a matter of law on this claim.

Moreover, Plaintiff has not established a causal connection between the incidents he identified and filing either his grievance or his charge of discrimination.

For these reasons, there is no legally sufficient evidentiary basis for a reasonably jury to find that Defendant retaliated against Plaintiff, and Defendant is entitled to judgment as a matter of law on this claim.

## ARGUMENT

I.   **Judgment As A Matter Of Law**

FRCP 50 provides, in pertinent part, that "[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonably jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party . . ." Fed. R. Civ. P. 50(a); *see also Massey v. Blue Cross-Blue Shield of Illinois*, 226 F.3d 922, 926 (7th Cir. 2000) (affirming district court's order granting the defendant's motion for judgment as a matter of law because the evidence was insufficient to establish that the defendant's reasons for terminating the plaintiff were a pretext for racial discrimination); *Klunk v. County of St. Joseph*, 170 F.3d 772, 775-776 (7th Cir. 1999) (affirming the trial court's entry of judgment as a matter of law in favor of the defendant, and noting that FRCP 50(a) "clearly contemplates that a factual dispute regarding one element of a claim . . . will not bar judgment as a matter of law if there is no legally sufficient evidentiary basis to support the other elements of the claim . . ."); *Button v. Kibby-Brown*, 146 F.3d 526, 531 (7th Cir. 1998) (affirming the trial court's entry of judgment as a matter of law in favor of the defendant).

A district court's entry of judgment as a matter of law under FRCP 50(a) will be affirmed unless it is clear that "enough evidence exists [to] . . . sustain a verdict in favor of the nonmoving party." *Hammond Group, Ltd. v. Spalding & Evenflo Companies, Inc.*, 69 F.3d 845, 848 (7th Cir. 1995) (affirming district court's directed verdict in favor of the defendant); *Continental Bank v. Modansky*, 997 F.2d 309, 312 (7th Cir. 1993).

## II. Defendant Is Entitled To Judgment As A Matter Of Law On Plaintiff's Retaliation Claim

Plaintiff has the initial burden to establish a *prima facie* case of retaliation by showing that he: (1) engaged in statutorily protected activity; (2) performed his job according to the City's legitimate expectations; (3) despite meeting the City's legitimate expectations, suffered a materially adverse employment action; and (4) was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002). If Plaintiff succeeds in proving a *prima facie* case, he then has the burden of presenting sufficient evidence to show that Defendant's legitimate, non-retaliatory reasons for its conduct is a pretext for retaliation. *Id*.

### A. Plaintiff's Performance Was Deficient

Plaintiff failed to meet the second prong of his *prima facie* case of retaliation because the evidence shows that he was not meeting Defendant's legitimate expectations as a Maintenance Worker I. First, Plaintiff's interpersonal and customer service skills were deficient. In 2002, Plaintiff's former supervisor, John Dayer, counseled Plaintiff about making inappropriate comments, such as telling his "customers" in City Hall – including the Director of Finance and Administration – that certain tasks were "not his job."

The evidence demonstrates that Plaintiff's performance as a Maintenance Worker I was deficient in other ways as well. For example, Plaintiff refused to wear a uniform even though all

Public Works Department employees were required to do so. When the City ultimately enforced this rule and required Plaintiff to wear a uniform, it was attempting to treat Plaintiff the *same* as everyone else; this was not retaliation. In addition, Plaintiff ignored the City's repeated instruction to stop making unnecessary adjustments to the HVAC system. The City explained to Plaintiff that those adjustments caused the system to work less then optimally and often required the City's HVAC service providers, Johnson Controls and Air Con, to come in and "clean up" Plaintiff's tinkering. When Plaintiff refused to leave the system alone despite repeated requests to do so, the City revoked Plaintiff's access to the HVAC computer control systems. Again, this was not retaliation.

### B. Plaintiff Did Not Suffer A Material Adverse Employment Action

None of the acts upon which Plaintiff rests his retaliation claim rise to the level necessary to establish a materially adverse action. The law is well-established in this Circuit that "not everything that makes an employee unhappy" constitutes an adverse employment action. *McGuire v. City of Springfield*, 280 F.3d 794, 797 (7th Cir. 2002); *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996) ("Otherwise, minor and even trivial employment actions that an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit."). Although Plaintiff is not limited solely to those actions affecting the terms and conditions of his employment when trying to prove retaliation, any act he does allege as retaliatory must be so materially adverse that it would dissuade a reasonable person from engaging in protected activity. *Roney v. Ill. Dept. of Trans.*, 474 F.3d 455, 461 (7th Cir. 2007) (*citing Burlington N. & Santa Fe Ry. Co v. White*, 126 S. Ct. 2405, 2412-13 (2006)). Nothing he alleges rises to this level.

In support of his claim, Plaintiff alleges that after he spoke out regarding alleged race discrimination, the City retaliated against him by:

- Sending him home on August 17, 2005;
- Assigning him menial tasks;
- Providing inadequate time to attain a commercial driver's license ("CDL");
- Making him wear a uniform;
- Denying him training; and
- Revoking his computer access.

As discussed above, the evidence shows that the City merely treated Plaintiff the same as all other Maintenance Worker I employees by requiring him to wear a uniform. The evidence also shows that the City's actions with respect to Plaintiff's computer access were directly related to his deficient performance and unnecessary changes he was making to the computer system. Moreover, Plaintiff's job did not require the use of a computer. Thus, these acts cannot be considered adverse employment actions.

With respect to being sent home on August 17, 2005, the City advised Plaintiff that his department did not have light duty work available within his significant medical restrictions, and also advised Plaintiff that he could return to work as soon as he received a release that allowed him to perform the essential functions of his job. Plaintiff never presented such a release to the City.

With respect to the CDL license, the evidence shows that all Maintenance Worker I employees were required to have a CDL. Moreover, Plaintiff began his second medical leave of absence before he was required to actually obtain the CDL, so no adverse action occurred. *See Anderson v. The Foster Group*, No. 04-C-5755, 2007 WL 3026652, at *14 (N.D. Ill. Oct. 16, 2007) ("the court need not address the matter; though Plaintiff may have been aware of an impending assignment to the Juvenile Center, Plaintiff admits that he was terminated before his work there commenced.").

With respect to Plaintiff's claims that he was denied OSHA and Johnson Control training, the City never had anyone certified in OSHA and did not need anyone certified in OSHA. Similarly, the class from Johnson Controls was not only unnecessary, it was also costly. *See Roney v. Ill. Dept. of Trans.*, 474 F.3d 455 (plaintiff's "uncorroborated, speculative and conclusory" allegations that he was not properly trained did not constitute an adverse action); *Hottenroth v. Village of Slinger*, 388 F.3d 1015 (7th Cir. 2004) (no adverse employment action from supervisor's refusal to recommend employee be given journeyman card, her termination, or village's failure to create new position for her or alleged failure to adequately train her).

Finally, as to Plaintiff's claim that Defendant assigned him to "menial work," Plaintiff failed to offer any evidence that his duties in this regard changed *after* he made alleged complaints of discrimination. Plaintiff was performing the same tasks and jobs that he performed before filing his grievance. Moreover, Plaintiff failed to show that a "reasonable employee" would have found these assignments were materially adverse. *Anderson v. The Foster Group*, 2007 WL 3026652, at *14. Plaintiff could not make any such showing here because the evidence is that Caucasian employees who did not complain of alleged discrimination were required to perform the same "menial" tasks and/or assisted Plaintiff in completing these "menial" tasks.

    **C.    Plaintiff Failed To Establish A Causal Connection Between The Incidents He Identified And Filing Either His Grievance Or Charge Of Discrimination**

To establish his retaliation claim, Plaintiff must present evidence of a causal connection between his protected activity and an alleged adverse employment action. *Burks v. Wis. Dept. of Trans.*, 464 F.3d 744, 754-755 (7th Cir. 2006) ("Speculation based on suspicious timing alone . . . does not support a reasonable inference of retaliation."); *see also Hickey v. The Invisible Fence Co. of Northeast Ohio, Inc.*, Case No. 05 C 6427, 2007 WL 2903183, at *9 (N.D. Ill. Sept. 28,

2007) (internal citation omitted) ("[t]he mere fact that one event precede[s] another does not prove that the first event caused the second event."). Thus, Plaintiff must point to specific evidence of retaliation. *Burks*, 464 F.3d at 754-755. Plaintiff failed to do so.

To the extent Plaintiff relies on his March 31, 2005 grievance regarding his promotion, he has presented no evidence of a causal connection between filing the grievance or charge and any of the alleged adverse incidents he identifies. Indeed, under *Sauzek v. Exxon Coal USA*, 202 F.3d 913, 918-919 (7th Cir. 2000), a three-month gap of time is too long to establish a causal connection between Plaintiff filing the grievance and being sent home on August 17, 2005. *See also Wells v. Unisource Worldwide, Inc.*, 289 F.3d 1001, 1008 (7th Cir. 2002) (any hint of causation weakens as the time between the alleged protected expression and the alleged adverse action increases).

### D. Plaintiff Failed To Prove That Similarly Situated Individuals Were Treated More Favorably

Plaintiff failed to identify a single similarly situated employee who received preferential treatment. Alleged retaliatory conduct is actionable only if Plaintiff can show that the City treated another employee, who did not engage in any protected activity and who is otherwise "directly comparable to [him] in all material respects," more favorably. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002) ("To meet her burden of demonstrating that another employee is 'similarly situated,' a plaintiff must show that there is someone who is directly comparable to her in all material respects."); *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-618 (7th Cir. 2000).

Here, Plaintiff was unable to point to single person who did not engage in protected activity yet was treated more favorably. He did not identify any Maintenance Worker I who was: exempted from the return to work physical and drug test; allowed to return to work with the

same light duty restrictions; provided OSHA or Johnson Controls training; did not have to wear a uniform; or had computer access. Ultimately, he could not point to a single individual who was treated better than he was treated but did not engage in alleged protected activity. Plaintiff's retaliation claim, therefore, must fail.

Accordingly, Defendant is entitled to judgment as a matter of law on Plaintiff's retaliation claim because there is no legally sufficient evidentiary basis for a reasonably jury to find that Defendant retaliated against Plaintiff.

## **CONCLUSION**

For the foregoing reasons, Defendant City of Waukegan requests that the Court grant the instant motion for judgment as a matter of law and enter judgment in Defendant's favor on Plaintiff's retaliation claim.

**DATED: June 24, 2010**                            Respectfully submitted,

                                                                         CITY OF WAUKEGAN


                                                                         By: /s/ Karen L. Stephenson
                                                                                One of Its Attorneys

Yvette A. Heintzelman
Nicole K. Peracke
Karen L. Stephenson
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

# **CERTIFICATE OF SERVICE**

      I, Karen L. Stephenson, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S RETALIATION CLAIM** to be served upon the following, by electronic means through the CM/ECF system on this 24th day of June, 2010:

        Roma Stewart
        Stephen Stern
        39 South LaSalle Street, Suite 1425
        Chicago, Illinois 60603

                                      /s/ Karen L. Stephenson
                                            Karen L. Stephenson