UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WITHERSPOON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06 CV 07089 |
| | ) | |
| v. | ) | Judge Ronald Guzman |
| | ) | |
| CITY OF WAUKEGAN, | ) | Magistrate Judge Geraldine Soat Brown |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S RACE DISCRIMINATION CLAIM

Defendant City of Waukegan ("Defendant" or "City"), by its counsel, Seyfarth Shaw, LLP, and pursuant to Rule 50 of the Federal Rules of Civil Procedure ("FRCP"), hereby respectfully moves the Court to enter judgment as a matter of law in its favor because Plaintiff Michael Witherspoon ("Plaintiff") has not presented a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on his race discrimination claim.  In support of its Motion, Defendant states as follows:

1. Plaintiff Michael Witherspoon claims he was discriminated against on the basis of his race in violation of Title VII of the Civil Rights Act of 1964.  Specifically, Plaintiff claims that in or about March 2005, Defendant decided not to promote Plaintiff from his Maintenance Worker I position to the position of Building and Grounds Supervisor at Waukegan City Hall because of Plaintiff's race.

2. Where, as here, Plaintiff has been fully heard on an issue during a jury trial and there is no legally sufficient evidentiary basis for a reasonably jury to find for Plaintiff on that issue, the Court may determine the issue against Plaintiff and grant a motion for judgment as a matter of law in favor of the City.  *See* Fed. R. Civ. P. 50(a).

3. Plaintiff has the initial burden to establish a *prima facie* case of race discrimination regarding a promotional opportunity by submitting evidence that he: (1) is a member of a protected class; (2) was qualified for the position sought; (3) was rejected for the position sought; and (4) a similarly situated employee who was not a member of his protected class and was not better qualified was promoted. *Dandy v. United Parcel Svc.*, 388 F.3d 263, 273 (7th Cir. 2004). Only if Plaintiff establishes his *prima facie* case does the burden shift to Defendant to produce evidence that it had a legitimate, non-discriminatory reason for its challenged employment action. *Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 737 (7th Cir. 2006). Plaintiff's subjective and self-serving statements, without more, are insufficient to overcome Defendant's legitimate and non-discriminatory reasons for its actions. *Massey v. Blue Cross-Blue Shield of Illinois*, 226 F.3d 922, 926 (7th Cir. 2000); *Hall v. Gary Community School Corp.*, 298 F.3d 672 (7th Cir. 2002).

4. Defendant is entitled to judgment as a matter of law on Plaintiff's race discrimination claim because the evidence shows that: (i) Plaintiff was not qualified for the Building and Grounds Supervisor position; (ii) Bruce Kennedy was better qualified for the Supervisor position; and (iii) Plaintiff was not otherwise discriminated against. This evidence is fatal to Plaintiff's *prima facie* case.

12440036v.2

WHEREFORE, Defendant City of Waukegan respectfully requests that the Court grant its motion for judgment as a matter of law and enter judgment in Defendant's favor on Plaintiff's race discrimination claim.

**DATED: June 24, 2010**

Respectfully submitted,

CITY OF WAUKEGAN

By: /s/ Karen L. Stephenson
       One of Its Attorneys

Yvette A. Heintzelman
Nicole K. Peracke
Karen L. Stephenson
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

# **CERTIFICATE OF SERVICE**

   I, Karen L. Stephenson, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S RACE DISCRIMINATION CLAIM** to be served upon the following, by electronic means through the CM/ECF system on this 24th day of June, 2010:

   Roma Stewart
   Stephen Stern
   39 South LaSalle Street, Suite 1425
   Chicago, Illinois 60603


            /s/ Karen L. Stephenson
              Karen L. Stephenson