UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WITHERSPOON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06 CV 07089 |
| | ) | |
| v. | ) | Judge Ronald Guzman |
| | ) | |
| CITY OF WAUKEGAN, | ) | Magistrate Judge Geraldine Soat Brown |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON
PLAINTIFF'S RACE DISCRIMINATION CLAIM**

Defendant City of Waukegan ("Defendant" or "City"), by its counsel, Seyfarth Shaw, LLP, and pursuant to Rule 50 of the Federal Rules of Civil Procedure, hereby respectfully submits its Memorandum of Law in Support of Its Motion for Judgment as a Matter of Law on Plaintiff Michael Witherspoon's ("Plaintiff") race discrimination claim.

**INTRODUCTION**

Plaintiff claims that Defendant discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1964. Specifically, Plaintiff claims that in or about March 2005, Defendant decided not to promote Plaintiff from his Maintenance Worker I position to the position of Building and Grounds Supervisor at Waukegan City Hall because of Plaintiff's race. In fact, the evidence shows that Defendant did not promote Plaintiff because he was not the most qualified individual for the job. The evidence also shows that Defendant selected Bruce Kennedy ("Kennedy") for the Supervisor position because Kennedy's twenty-six years of prior management and customer service experience made him a better fit for the Supervisor position

12441247v.2

than Plaintiff. Finally, the evidence shows that the City did not otherwise discriminate against Plaintiff.

For these reasons, there is no legally sufficient evidentiary basis for a reasonably jury to find that Defendant discriminated against Plaintiff on the basis of his race, and Defendant is entitled to judgment as a matter of law on this claim.

## ARGUMENT

I. **Judgment As A Matter Of Law**

FRCP 50 provides, in pertinent part, that "[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonably jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party . . ." Fed. R. Civ. P. 50(a); *see also Massey v. Blue Cross-Blue Shield of Illinois*, 226 F.3d 922, 926 (7th Cir. 2000) (affirming district court's order granting the defendant's motion for judgment as a matter of law because the evidence was insufficient to establish that the defendant's reasons for terminating the plaintiff were a pretext for racial discrimination); *Klunk v. County of St. Joseph*, 170 F.3d 772, 775-776 (7th Cir. 1999) (affirming the trial court's entry of judgment as a matter of law in favor of the defendant, and noting that FRCP 50(a) "clearly contemplates that a factual dispute regarding one element of a claim . . . will not bar judgment as a matter of law if there is no legally sufficient evidentiary basis to support the other elements of the claim . . ."); *Button v. Kibby-Brown*, 146 F.3d 526, 531 (7th Cir. 1998) (affirming the trial court's entry of judgment as a matter of law in favor of the defendant).

A district court's entry of judgment as a matter of law under FRCP 50(a) will be affirmed unless it is clear that "enough evidence exists [to] . . . sustain a verdict in favor of the nonmoving party." *Hammond Group, Ltd. v. Spalding & Evenflo Companies, Inc.*, 69 F.3d 845, 848 (7th

2

Cir. 1995) (affirming district court's directed verdict in favor of the defendant);*Continental Bank v. Modansky*, 997 F.2d 309, 312 (7th Cir. 1993).

## II.     Defendant Is Entitled To Judgment As A Matter Of Law On Plaintiff's Race Discrimination Claim

Plaintiff has the initial burden to establish a *prima facie* case of race discrimination in promotional opportunity by submitting evidence that he: (1) is a member of a protected class; (2) was qualified for the position sought; (3) was rejected for the position sought; and (4) a similarly situated employee who was not a member of his protected class and was not better qualified was promoted. *Dandy v. United Parcel Svc.*, 388 F.3d 263, 273 (7th Cir. 2004). Only if Plaintiff establishes his *prima facie* case does the burden shift to Defendant to produce evidence that it had a legitimate, non-discriminatory reason for its challenged employment action. *Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 737 (7th Cir. 2006). Plaintiff's subjective and self-serving statements, without more, are insufficient to overcome Defendant's legitimate and non-discriminatory reasons for its actions. *Massey*, 226 F.3d at 926; *Hall v. Gary Community School Corp.*, 298 F.3d 672 (7th Cir. 2002).

### A.     Plaintiff Was Not Qualified For The Building And Maintenance Supervisor Position

The City's former Director of Public Works, William Johnston ("Johnston"), testified that he considered a number of candidates, including Plaintiff, to fill the Building and Grounds Supervisor position vacated by Plaintiff's former supervisor, John Dayer ("Dayer"), upon Dayer's retirement. The Building and Grounds Supervisor was primarily responsible for maintaining professional relationships with the Director of Public Works, subordinates, vendors, public officials, department heads, City employees, and the general public. (Joint Exhibit 9). To that end, the Building and Grounds Supervisor regularly met with client departments to discuss

3

maintenance needs and acted as liaison on all building and grounds maintenance projects. (Joint Exhibit 9).

Plaintiff was not qualified for the Building and Grounds Supervisor position because he lacked the interpersonal and customer service skills necessary to be successful in that job. Plaintiff attempted to refute that fact with nothing more than his own subjective, self-serving testimony. That testimony is insufficient to contradict the legitimate and non-discriminatory reason for Defendant's promotion decision. *Massey*, 226 F.3d at 926 (affirming district court's order granting the defendant's motion for judgment as a matter of law because the evidence was insufficient to establish that the defendant's reasons for terminating the plaintiff were a pretext for racial discrimination); *Hall*, 298 F.3d at 676 (same).

### B. Bruce Kennedy Was Better Qualified For The Supervisor Position

In contrast to Plaintiff, Kennedy was highly qualified for the Building and Grounds Supervisor position. Prior to his employment with the City, Kennedy had owned his own awards and recognition business for twenty-six years and had a Bachelor's degree in Business Administration. As the owner-operator of his own business, Kennedy was responsible for interviewing, hiring, and training his employees. He also planned, assigned, and supervised their work; prepared and maintained business records and reports; and ordered supplies and maintained inventory. Most importantly, he had dealt with customers on a daily basis, including addressing complaints and resolving problems. Moreover, he had worked for the City since 2002 and had solid maintenance skills. The combination of his background, skills, and previous experience made Kennedy the best fit for the job.

4

12441247v.2

Thus, because the evidence shows that Plaintiff was not qualified for the Building and Grounds Supervisor position and a more qualified individual, Kennedy, was selected for the position, Plaintiff failed to establish his *prima facie* case.

### C. Plaintiff Was Not Otherwise Discriminated Against

Plaintiff testified that it was discriminatory for the former Director of Finance and Administration, Don Schultz, to ask Plaintiff to get his umbrella when it was raining. However, Plaintiff admitted that Dayer, who is Caucasian, also responded to such requests by Schultz. Likewise, Plaintiff testified that it was discriminatory for the City to ask Plaintiff to move furniture on two separate occasions. Once again, however, Plaintiff admitted two Caucasian employees also helped move furniture on both occasions. In short, the evidence shows that Plaintiff was not selected to perform these tasks because of his race.

## CONCLUSION

For the foregoing reasons, Defendant City of Waukegan requests that the Court grant the instant motion for judgment as a matter of law and enter judgment in Defendant's favor on Plaintiff's race discrimination claim.

**DATED: June 24, 2010**                        Respectfully submitted,

                                                CITY OF WAUKEGAN


                                                By: /s/ Karen L. Stephenson
                                                        One of Its Attorneys

Yvette A. Heintzelman
Nicole K. Peracke
Karen L. Stephenson
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

## **CERTIFICATE OF SERVICE**

      I, Karen L. Stephenson, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S RACE DISCRIMINATION CLAIM** to be served upon the following, by electronic means through the CM/ECF system on this 24th day of June, 2010:

      Roma Stewart
      Stephen Stern
      39 South LaSalle Street, Suite 1425
      Chicago, Illinois 60603


                                      /s/ Karen L. Stephenson
                                            Karen L. Stephenson