**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL WITHERSPOON, ) | |
| ) | |
| Plaintiff, ) | Case No. 06 CV 07089 |
| ) | |
| v. ) | Judge Ronald Guzman |
| ) | |
| CITY OF WAUKEGAN, ) | Magistrate Judge Geraldine Soat Brown |
| ) | |
| Defendant. ) | |

## CORRECTED DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S RETALIATION CLAIM

Defendant City of Waukegan ("Defendant" or "City"), by its counsel, Seyfarth Shaw, LLP, and pursuant to Rule 50 of the Federal Rules of Civil Procedure ("FRCP"), hereby renews its motion for judgment as a matter of law on Plaintiff Michael Witherspoon's ("Plaintiff") retaliation claim on the ground that Plaintiff failed to present a legally sufficient evidentiary basis on which a reasonable jury could find in Plaintiff's favor on this claim. In support of its Motion, Defendant states as follows:

1.  Plaintiff claims he was discriminated against on the basis of his race and then subsequently retaliated against in violation of Title VII of the Civil Rights Act of 1964. Specifically, Plaintiff claims that Defendant sent him home on August 17, 2005, assigned Plaintiff to menial tasks, gave him inadequate time to secure a commercial driver's license, and made Plaintiff wear a uniform – all in retaliation for having previously complained of alleged race discrimination.

2.  Where, as here, Plaintiff has been fully heard on an issue during a jury trial and there is no legally sufficient evidentiary basis for a reasonably jury to find for Plaintiff on that

issue, the Court may determine the issue against Plaintiff and grant a motion for judgment as a matter of law in favor of the City. *See* Fed. R. Civ. P. 50(a).

3. Plaintiff has the initial burden to establish a *prima facie* case of retaliation by showing: (i) that he performed his job according to the City's legitimate expectations; (ii) that despite meeting the City's legitimate expectations, he suffered a materially adverse employment action; (iii) a causal connection between the incidents he identified and filing either his grievance or his charge of discrimination; and (iv) that he was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002); *Burks v. Wis. Dept. of Trans.*, 464 F.3d 744, 754-755 (7th Cir. 2006); *Hickey v. The Invisible Fence Co. of Northeast Ohio, Inc.*, Case No. 05 C 6427, 2007 WL 2903183, at *9 (N.D. Ill. Sept. 28, 2007).

4. Defendant is entitled to judgment as a matter of law on Plaintiff's retaliation claim because the evidence shows that: (i) Plaintiff's performance as a Maintenance Worker I was deficient; (ii) none of the acts upon which Plaintiff rests his retaliation claim rise to the level necessary to establish a materially adverse action; (iii) Plaintiff has not established a causal connection between the incidents he identified and filing either his grievance or his charge of discrimination. and (iv) Plaintiff failed to identify a single similarly situated employee who received preferential treatment.

12461860v.1

WHEREFORE, Defendant City of Waukegan respectfully requests that the Court grant its renewed motion for judgment as a matter of law and enter judgment in Defendant's favor on Plaintiff's retaliation claim.

**DATED: June 29, 2010**  Respectfully submitted,

CITY OF WAUKEGAN

By: /s/ Karen L. Stephenson
  One of Its Attorneys

Yvette A. Heintzelman
Nicole K. Peracke
Karen L. Stephenson
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

12461860v.1

## CERTIFICATE OF SERVICE

I, Karen L. Stephenson, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **CORRECTED DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S RETALIATION CLAIM** to be served upon the following, by electronic means through the CM/ECF system on this 29th day of June, 2010:

Roma Stewart
Stephen Stern
39 South LaSalle Street, Suite 1425
Chicago, Illinois 60603

/s/ Karen L. Stephenson
Karen L. Stephenson

12461860v.1