UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WITHERSPOON, | ) |
| Plaintiff, | ) Case No. 06 CV 07089 |
| v. | ) Judge Ronald Guzman |
| CITY OF WAUKEGAN, | ) Magistrate Judge Geraldine Soat Brown |
| Defendant. | ) |

## DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S RETALIATION CLAIM

Defendant City of Waukegan ("Defendant" or "City"), by its counsel, Seyfarth Shaw, LLP, and pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, hereby renews its motion for judgment as a matter of law on Plaintiff Michael Witherspoon's ("Plaintiff") retaliation claim, notwithstanding the jury's verdict. In support of its Motion, Defendant states as follows:

1. When a jury's verdict is not supported by the evidence presented at trial, it is incumbent upon the trial court to grant judgment notwithstanding the verdict. This is such a case. Based on the evidence adduced at trial, no reasonable jury could find that the City retaliated against Plaintiff.

2. Plaintiff claims the City retaliated against him in violation of Title VII of the Civil Rights Act of 1964. Specifically, Plaintiff claims that Defendant sent him home on August 17, 2005, assigned Plaintiff to menial tasks, gave him inadequate time to secure a commercial driver's license, and made Plaintiff wear a uniform – all in retaliation for having previously complained of alleged race discrimination.

3.      Plaintiff has been fully heard as to the circumstances and events surrounding his claims of retaliation and has failed to prove that the City took any action against him because he complained of discrimination. To the contrary, the evidence shows that: (i) none of the acts upon which Plaintiff rests his retaliation claim rise to the level necessary to establish a materially adverse action; (ii) Plaintiff has not established a causal connection between the incidents he identified and any protected activity; and (iii) Plaintiff failed to identify a single similarly situated employee who received preferential treatment. Ultimately, the evidentiary record does not contain sufficient evidence by which a reasonable jury could hold the City liable for retaliation.

WHEREFORE, Defendant City of Waukegan respectfully requests that the Court grant its renewed motion for judgment as a matter of law and enter judgment in Defendant's favor on Plaintiff's retaliation claim.

**DATED: July 23, 2010**              Respectfully submitted,

CITY OF WAUKEGAN

By: /s/ Nicole Peracke
     One of Its Attorneys

Yvette A. Heintzelman
Nicole K. Peracke
Karen L. Stephenson
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

12476436v.1

# CERTIFICATE OF SERVICE

I, Nicole Peracke, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S RETALIATION CLAIM** to be served upon the following, by electronic means through the CM/ECF system on this 23rd day of July, 2010:

> Roma Stewart
> Stephen Stern
> Madeline Podesta
> 39 South LaSalle Street, Suite 1425
> Chicago, Illinois 60603

/s/ Nicole Peracke
Nicole Peracke